COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GILBERT FIELDING, | § | No. 08-07-00084-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 41st District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20060D02215) |
| | § | |

**O P I N I O N**

This is an appeal from a conviction for the offense of sexual assault, enhanced. Appellant pleaded guilty to the court, and the court assessed punishment at twenty-five years' imprisonment. We affirm.

**I. SUMMARY OF THE TRIAL COURT PROCEEDINGS**

Appellant was charged in Count I of the indictment with the second-degree offense of sexual assault. The indictment contained an enhancement provision alleging a prior conviction for sexual assault. Count II alleged that Appellant had possessed cocaine in an amount less than one gram, and Count III alleged that he had failed to register as a sex offender.

Prior to trial, Appellant filed a motion entitled "Special Request for Jury Instructions," in which he requested that, if he were found guilty at trial, the jury should be instructed at the punishment stage that the punishment range was enhanced to five to ninety-nine years or life imprisonment, if it found that the enhancement for the prior sexual assault conviction was true.

At the pretrial hearing on that motion, Appellant's counsel asserted that plea negotiations with the State were being delayed, because the defense was unclear whether the punishment range

would be five to ninety-nine years or life imprisonment, under section 12.42(b) of the Texas Penal Code,[1] which speaks to enhancement for second-degree felonies, or mandatory life imprisonment, under the provisions of section 12.42(c)(2), dealing with repeat sex offenders. Defense counsel maintained that the uncertainty regarding which section applied caused him to be unable to advise Appellant regarding the desirability of any plea offer made by the State, so he requested the court's ruling as to what constituted the correct range of punishment.

At the pretrial hearing, defense counsel stated that section 12.42(c)(2) was vague and ambiguous, in that it was placed within section 12.42(c), which, Appellant asserts, dealt with the enhancement of first-degree felonies. Therefore, Appellant maintains, section 12.42(c)(2) was not applicable in the present situation, because he was to be tried for sexual assault, which is a second-degree felony. Further, Appellant contends that the ambiguity between the two subsections should result in application of the rule of lenity, causing the less severe punishment range to be utilized.

The State argues that the plain language of subdivision (c)(2) provides for mandatory life imprisonment of repeat sexual assault offenders, even if the charged offense was a second-degree felony, and that the Legislature provided specifically in section 12.42(c)(2)(A)(iii) that, when using burglary of habitation as an enhancement factor, mandatory life imprisonment would only be applied where the previous burglary of habitation offense was a first-degree felony. Accordingly, the State contends, the Legislature could have similarly specified that mandatory life imprisonment would only be imposed for first-degree sexual assault, but chose not to do so.

The trial court denied Appellant's requested instruction. At the guilty-plea hearing, the court stated that the correct range of punishment was mandatory life imprisonment under the indictment

_____

[1] The indictment alleged that the offense occurred on March 12, 2006. Section 12.42 of the Texas Penal Code was amended in 2007. Unless expressly stated herein to the contrary, all references to the Penal Code in this opinion shall be to the statute as it read on the date of the offense. *See* n.2.

then in place.

Pursuant to a plea-bargain agreement, the indictment was thereafter amended to allege a prior (non-first degree) felony burglary of habitation conviction to replace the prior sexual assault conviction for the enhancement allegation. Appellant then pleaded guilty to the sexual assault offense, enhanced by the burglary of habitation conviction. Counts II and III of the original indictment, alleging possession of cocaine and failure to register as a sex offender, were dismissed, pursuant to section 12.45 of the Penal Code.

Prior to Appellant's plea of guilty, the court inquired whether he understood that the sexual-assault offense would be enhanced with a different offense and that the punishment range would be different. Appellant responded that he did understand, that he understood that the punishment range would be five to ninety-nine years or life imprisonment, and that he was aware of the terms of the plea-bargain agreement. Appellant stated that his guilty plea was given freely and voluntarily.

The Court then assessed Appellant's punishment at twenty-five years' imprisonment.

## II. DISCUSSION

In Issue No. One, Appellant asserts that the repeat and habitual felony offenders statute in effect at the time pertinent to this appeal[2] (amended later[3]) should be construed in a manner

---

[2] The version of Texas Penal Code section 12.42 in effect at the time pertinent to this appeal, entitled "Penalties for Repeat and Habitual Felony Offenders" provided, in relevant part:

(b) If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony.

(c)(1) Except as provided by Subdivision (2), if it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

(i) under Section 22.021 [aggravated sexual assault] or 22.011 [sexual assault], Penal Code;

(ii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11 or 22.011, Penal Code; and

(B) the defendant has been previously convicted of an offense:

(i) under Section 43.25 or 43.26, Penal Code . . .;

(ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal Code;

(iii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually . . . .

(3) [Text omitted];

(4) [Text omitted].

Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 908; *amended by* Act of May 25, 1985, 69th Leg., R.S., ch. 582, § 1, 1985 Tex. Gen. Laws 2201; *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3603-04; *amended by* Act of May 23, 1997, 75th Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247, 2247-48; *amended by* Act of May 30, 2003, 78th Leg., R.S., ch. 1005, § 2, 2003 Tex. Gen. Laws 2944, 2944-45.

[3] The current version of the relevant portions of section 12.42 reads:

(b) Except as provided by Subsection (c)(2), if it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony.

(c)(1) If it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

(2) Notwithstanding Subdivision (1), a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if:

(A) the defendant is convicted of an offense:

(i) under Section . . . 22.011, Penal Code;

. . .

consistent with the rule of statutory construction stating that a subsection applies only to the greater inclusive section.

In Issues Nos. Two and Three, Appellant questions whether the former section 12.42 was ambiguous, within the meaning of *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991), which directs that the courts should not, except in the most extraordinary circumstances, presume to alter the language provided by the Legislature. Further, Appellant asks whether, if the former statute was not ambiguous, it should be construed in accordance with the legislative intent when enacted, because to construe it according to its plain meaning, would, he contends, be absurd.

In Issue No. Four, Appellant argues that the former statute is vague or ambiguous, in violation of due process, because it does not give fair notice of the range of punishment applicable to the second offense of sexual assault. In Issue No. Five, Appellant contends that, if the former statute is vague or ambiguous, it should be construed under the rule of lenity, which provides that, when it is unclear from the applicable statute or statutes whether the penalty prescribed for violating a criminal law is the lesser or the greater of two possible interpretations, the lesser punishment is presumed to apply.

Specifically, with regard to Issues Nos. One through Five, Appellant observes that former section 12.42, which provided for increased penalties for repeat and habitual offenders, indicated in

---

(B)  the defendant has been previously convicted of an offense:

.   .   .

(ii) under Section . . . 22.011, . . . Penal Code;

.   .   .

(3) [Text omitted];

(4) [Text omitted].

TEX. PENAL CODE ANN. § 12.42(b), (c)(1)-(2) (Vernon Supp. 2008).

subsection (b) that second-degree felony offenders who had once before been convicted of a felony were to be punished as first-degree offenders.[4]  Subsection (c), however, which provided for increased punishments for first-degree felony offenders who had once before been convicted of a felony, provided in subdivision (2) that repeat sexual assault offenders, among others, were to be punished with life imprisonment.  Appellant maintains that the application of the ordinary rules of statutory construction indicate that subdivision (2) plainly and unambiguously applied only to individuals who had been convicted of a first-degree felony.

Appellant further contends that, since sexual assault is only a second-degree felony, its enhancement was controlled by subsection (b), not by subsection (c)(2).  Furthermore, Appellant continues, even if the statute were considered to be ambiguous or absurd, and extra-textual sources were consulted to establish the legislative intent, it would be improper, under the rule of lenity, to construe the statute as imposing the greater, rather than the lesser, of the two possible punishments.  Finally, Appellant asserts, the trial court's contrary construction was also erroneous because it exposed him to a mandatory life sentence if convicted under Count I of the indictment (as was apparently intended by the Legislature) without fair or reasonable notice of such punishment at the time the offense was allegedly committed, thereby violating the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

In Issue No. Six, Appellant argues that the court erred in denying his request for a special jury instruction which would have instructed the jury that Appellant was subject to first-degree felony punishment (rather than mandatory life imprisonment) in the event that they found the enhancement provision in Court I of the indictment to be true.

In Issue No. Seven, Appellant asserts that his guilty plea was involuntary, because it was

_____

[4] As a general proposition, we agree that Appellant has correctly read subsection (b).

induced by inaccurate information concerning the range of punishment, in violation of the Due Process Clause of the Fourteenth Amendment.

Finally, in Issue No. Eight, Appellant contends that he was denied effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution, in that the court erred in its ruling on the range of punishment applicable to the offense charged in Count I of the indictment.

As they involve the same legal considerations, we will discuss Issues Nos. One through Five together. Initially, we will respond to the State's contentions that, in view of the issuance of an amended indictment, Appellant has no standing to contest the constitutionality of former section 12.42(c)(2) and that the question of the propriety of the application of the statute to him is moot.

The constitutionality of a criminal statute is a question of law which we review *de novo*. *Owens v. State*, 19 S.W.3d 480, 483 (Tex. App.--Amarillo 2000, no pet.); *State v. Salinas*, 982 S.W.2d 9, 10-11 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). When reviewing the constitutionality of a statute, we presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting it. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). The burden rests on the party challenging a statute to establish its unconstitutionality. *Rodriguez*, 93 S.W.3d at 69. We are obliged to uphold the statute, if we can determine a reasonable construction which will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979). A statute is, however, void for vagueness, if the conduct it seeks to prohibit is not clearly defined. *State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App.), *cert. denied*, ___ U.S. ____, 127 S. Ct. 176 (2006).

The burden of establishing that a statute is unconstitutional lies with the challenger. *Ex parte*

*Granviel,* 561 S.W.2d at 511. In our review, we must determine (1) whether an ordinary, law-abiding person received sufficient information from the statute that his conduct risks violating the criminal law and (2) whether the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. *Tanner v. State*, 838 S.W.2d 302, 304 (Tex. App.--El Paso 1992, no pet.) (citing *Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988)). A statute is considered vague if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *Holcombe*, 187 S.W.3d at 499. Further, if a statute does not substantially implicate constitutionally-protected conduct or speech, it is valid, unless it is impermissibly vague in all applications. *Id.* (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S. Ct. 1186 (1982)).

The State maintains that Appellant has failed to demonstrate that the former statute was unconstitutional as applied to him, because the indictment in this case was amended to abandon the allegation of a prior sexual assault for enhancement. Instead, in the amended indictment, a (non-first degree) burglary of habitation conviction was alleged for enhancement. Appellant was, therefore, actually sentenced using the punishment prescribed in former section 12.42(b), which is what he sought. Therefore, the State contends, the allegedly unconstitutional section 12.42(c)(2) was never applied to him. The State insists that this made the allegation of unconstitutionality moot with regard to his contentions. *See Ex parte Luna*, 24 S.W.3d 606, 607-08 (Tex. App.--Fort Worth 2000, no pet.). We disagree with both contentions.

Appellant's counsel asserted at the pretrial hearing that his inability to know whether his client was facing a mandatory life sentence or a punishment within the punishment range for a first-degree felony, if he were convicted and the jury found the enhancement to be true, caused him to be unable adequately to advise his client and to conduct effective plea negotiations. We find that this

is adequate to avoid the State's contentions that he has failed to demonstrate that the statute was unconstitutional as applied to him or that his claim was moot.

Even though we conclude that Appellant is able to contest the constitutionality of former section12.42(c)(2), we find that his claims are without merit. Count I of the indictment charged Appellant with sexual assault, which, standing alone, is a second-degree felony punishable "by imprisonment in the institutional division for any term of not more than 20 years" and "a fine not to exceed $10,000." TEX. PENAL CODE ANN. § 22.011(f); TEX. PENAL CODE ANN. § 12.33(a), (b). Former Penal Code section 12.42(b) provided, "If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony." Ordinarily, punishment for a first-degree felony is "imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years" and "a fine not to exceed $10,000." TEX. PENAL CODE ANN. § 12.32(a), (b).

In interpreting a statute, this Court should effectuate the Legislature's collective intent or purpose when it enacted the statute. *Boykin,* 818 S.W.2d at 785. In determining such intent or purpose, the reviewing court should focus upon the literal text of the statute and attempt to discern its fair and objective meaning. If a statute is clear and unambiguous, it is not within the purview of the courts to add to or subtract from the statute. *Id.*

The Court of Criminal Appeals has admonished Texas courts to adhere to the following standards:

> There is, of course, a legitimate exception to this plain meaning rule: where application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally. When used in the proper manner, this narrow exception to the plain meaning rule does not intrude on the lawmaking powers of the legislative branch, but rather demonstrates respect for that branch, which we assume would not act in an absurd way.

If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then *and only then*, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such *extra*textual factors as executive or administrative interpretations of the statute or legislative history.

*Id.* at 785-86 (emphases in original; citation omitted).

The Penal Code provides that sections 311.011, 311.012, 311.014, 311.015, and 311.021 through 311.032 of Chapter 311 of the Government Code (the Code Construction Act) apply to the construction of the Penal Code, unless a different construction is required by the context. TEX. PENAL CODE ANN. § 1.05(b). Section 311.026 of the Government Code states:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX. GOV'T CODE ANN. § 311.026.[5]

This section is a codification of the common law doctrine of *in pari materia*. *See Burke v. State*, 28 S.W.3d 545, 546-47 (Tex. Crim. App. 2000). The doctrine provides that:

"Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling."

*Id.* (quoting *Mills v. State*, 722 S.W.2d 411, 413-14 (Tex. Crim. App. 1986)). The doctrine of *in pari materia* applies only if the two statutes have the same purpose or object.[6] *Burke,* 28 S.W.3d at 547.

---

[5] With regard to section 12.42, the "special provision" contained in former subsection (c)(2) was passed later than the "general provision" codified in subsection (b). *See* Act of May 23, 1997, 75th Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247, 2247-48.

[6] The object of both former subsections (b) and (c)(2) was to define the punishment (or punishment range) for covered offenses.

In his brief, Appellant concedes that "Subdivision (2) of Section 12.42(c), read in isolation, does appear to support the State's position. But," he insists, "taken as a part of Section 12.42(c), it apparently applies only to 'the trial of a first-degree felony,' and is therefore not applicable to Appellant's prosecution in this cause, which was for a second-degree felony." Appellant continues by asserting that, "Had the Legislature intended Subdivision (2) of Section 12.42(c) also to apply in prosecutions for second-degree felonies, it presumably would have [prefaced] Section 12.42(b) [with] language similar to that of Section 12.42(c)(1), to the following effect: '*Except as provided in Subdivision (2) of Subsection (c) of this Section . . . .*'" (italics in Appellant's brief).

Further, Appellant points to Penal Code section 1.05(c)(2), which states that:

> (2) a reference to a subchapter, subsection, subdivision, paragraph, or other numbered or lettered unit without further identification is a reference to a unit of the next-larger unit of this code in which the reference appears.

TEX. PENAL CODE ANN. § 1.05(c)(2).

Appellant's assertion is neither factually accurate nor relevant. In the first place, former subdivision (2) of subsection (c) clearly did relate to the prosecution of certain cases of second-degree felonies. Moreover, we believe that each of the four subdivisions of subsection (c) sets forth an enhanced penalty range which the Legislature directed the judiciary to impose upon defendants who were convicted as repeat felony offenders under various scenarios. The "next-larger unit" of *subsection* (c) was *section* 12.42, which was (and is) entitled "Penalties for Repeat and Habitual Felony Offenders."[7] We therefore conclude that Appellant's "code construction" argument is without merit.

---

[7] Appellant appears to proceed on the premise that former subdivision (2) (and, presumably, subdivisions (3) and (4)) of subsection (c) was, in some manner, subordinate to former subdivision (1) thereof. While subdivision (c)(2) was clearly stated to be an *exception* to the terms of subdivision (c)(1), a review of both the text and the structure of subsection (c) (*see* n.2) reveals that Appellant's premise that subdivision (c)(2) was subordinate to (i.e., a "next-smaller unit" of) subdivision (c)(1) is faulty.

In *Jones v. State,* 225 S.W.3d 772 (Tex. App.--Houston [14th Dist.] 2007, no pet.), the court addressed this exact contention. Jones was convicted of a second-degree felony sexual assault, which was enhanced by a prior sexual-assault conviction. He was sentenced to life imprisonment under section 12.42(c)(2). *See id.* at 779. Jones argued that the exception language in former section 12.42(c)(1) indicated that section 12.42(c)(2) was an exception only to the first-degree felony sentence enhancement in subsection (c)(1). *See id.* at 780. Jones also argued that, since the section 12.42(b) second-degree enhancement provision was not prefaced by the exception language found in subsection (c)(1), the mandatory life sentence enhancement provision in subsection (c)(2) served as an exception only to the first-degree felony sentence enhancement provision in subsection (c)(1) and was not an exception to the second-degree felony sentence provision in section 12.42(b). *See id.* at 781. Therefore, he concluded, he should not have been sentenced under section 12.42(c)(2); rather, he should have been sentenced under section 12.42(b), as he was being tried for a second-degree sexual assault after having previously been convicted of a felony. *Id.* at 779-81.

In addressing Jones's contentions, the Fourteenth Court observed that subsection (c)(1) began with the language, "except as provided by Subdivision (2)," prior to the application to a defendant on trial for a first-degree felony. The court reasoned that this phrase directed one to subsection (c)(2) prior to consideration of the language that pertained to a defendant on trial for a first-degree felony. *See id.* at 781. Therefore, the exception language required application of subsection (c)(2), apart from subsection (c)(1). The court reasoned that section 12.42(c)(1) constituted the general enhancement provision for a first-degree felony, whereas section 12.42(c)(2) provided a separate sentence-enhancement provision for multiple sexual-offense offenders. Clearly, this interpretation would indicate that "further identification" was provided by the Legislature, thus obviating the need for application of section 1.05(c)(2) of the Penal Code. *Id.*

The Fourteenth Court also found that section 12.42(b) and the two-time sex offender sentence-enhancement provision in 12.42(c)(2) were *in pari materia*, as they had the same purpose of enhancing the sentence of a convicted felon who had a prior felony record. *See id.* at 782. Therefore, application of the doctrine of *in pari materia* dictates that section 12.42(b) was intended as the general sentencing enhancement provision for those on trial for a second-degree felony, but that section 12.42(c) was the specific provision addressing sentencing enhancement for those who had twice been convicted for specifically-enumerated sex crimes. The court held that Jones had been properly sentenced to mandatory life imprisonment under section 12.42(c)(2), as the language of that section unambiguously applied to repeat sex offenders on trial for second-degree sexual assault. *See id.*

Accordingly, we find that, with regard to Appellant's first five issues, the statute in question in unambiguous, and we overrule those issues.[8]

---

[8] Neither party's brief cites us to a case where the Court of Criminal Appeals has expressly applied the rule of lenity, nor has our research found any. In *Cuellar v. State*, 70 S.W.3d 815, 819 n.6 (Tex. Crim. App. 2002), a five-member majority stated in dicta:

> Moreover, even if we suppose, as the dissent does, that the "effect of [one statute upon another] is ambiguous," we would then agree with the concurrence that the rule of lenity would apply. The rule, as supplied by the U.S. Supreme Court, embodies "a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment." [Citing *Bell v. United States*, 349 U.S. 81, 83, 75 S. Ct. 620 (1955)]. The rule of lenity is, in essence, another extratextual factor for a court to consider if, and only if, a statute is ambiguous.

More recently, however, a different five-member majority in *Ex parte Forward*, 258 S.W.3d 151, 154 n.19 (Tex. Crim. App. 2008), has called *Cuellar* into question. The court cited TEX. CODE CRIM. PROC. ANN. art. 1.26 and then said:

> Arguably this provision overrides the "rule of lenity." It is more strongly worded than the Penal Code counterpart that provides, "The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." [Citing TEX. PENAL CODE ANN. § 1.05(a)]. Even if the "rule of lenity" applies to the construction of the Code of Criminal Procedure, it provides the rule of decision only "when both alternative choices or definitions are more-or-less equally reasonable." [Citing *Cuellar*, 70 S.W.3d at 823 n.8 (Cochran, J., concurring)].

At the least, *Cuellar* and *Forward* make it clear that, if the "rule of lenity" is to be given effect in the Texas courts, it will be applicable only when two or more statutes are ambiguous. That is not the case here.

In Issue No. Six, Appellant maintains that the court erred in failing to give his requested instruction. Again, as the statute is unambiguous, the court did not err in failing to give the requested instruction. We overrule Issue No. Six.

In Issue No. Seven, Appellant argues that his plea was involuntary, because the trial court incorrectly admonished him on the range of punishment. A guilty plea must be entered into voluntarily and freely. TEX. CODE CRIM. PROC. ANN. art. 26.13(b); *Anderson v. State*, 182 S.W.3d 914, 921 n.1 (Tex. Crim. App. 2006) (Hervey, J., concurring). When considering the voluntariness of a guilty plea, we must examine the entire record. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam).

If the trial court properly admonishes a defendant before a guilty plea is entered, there is a prima facie showing that the plea was both knowing and voluntary. *Id.* The burden then shifts to the defendant to show that he pleaded guilty without understanding the consequences of his plea and that he therefore suffered harm. *Pena v. State*, 132 S.W.3d 663, 666 (Tex. App.--Corpus Christi 2004, no pet.). Therefore, "[a] defendant who attests during the initial plea hearing that his plea is voluntary bears a 'heavy burden' to prove in a subsequent hearing that he entered the plea involuntarily." *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.--Waco 2000, pet. ref'd) (quoting, *inter alia*, *Cantu v. State*, 988 S.W.2d 481, 484 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd)).

In this case, Appellant stated that his plea was voluntary, that he understood that his punishment range was to be five to ninety-nine years or life imprisonment, and that the plea bargain was for twenty-five years' imprisonment. He assured the court that his plea was free and voluntary and that he was satisfied with his legal representation. Furthermore, the court's instruction concerning the range of punishment was in all respects correct. We find that Appellant has not met his burden in demonstrating that is plea was involuntary. Issue No. Seven is overruled.

The entire thrust of Appellant's Issue No. Eight is that his trial counsel did not provide effective assistance, because counsel incorrectly advised him on the range of punishment for his offense, so that his guilty plea was not knowingly and intelligently made. As we have previously concluded that counsel's advise on the range of punishment which Appellant would have faced, if he had elected to go to trial on the unamended indictment, was correct, it necessarily follows that Issue No. Eight is overruled as moot.[9]

## III. CONCLUSION

We affirm the judgment of the trial court.


KENNETH R. CARR, Justice

October 2, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Publish)

---

[9] Counsel's advice was admittedly given reluctantly, and only after the trial judge made her pretrial ruling in which she denied Appellant's requested instruction as to the range of punishment. However, since the trial court's ruling was correct, counsel's subsequent advice was neither ineffective nor inaccurate.