COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MARCO DIAZ,  §

§  No. 08-12-00108-CR

Appellant,  §

§  Appeal from the

v.  §

§  120th District Court

THE STATE OF TEXAS,  §

§  of El Paso County, Texas

Appellee.  §

§  (TC#20110D02363)

§

## O P I N I O N

Appellant Marco Diaz, appeals the trial court's denial of his motion to withdraw his guilty plea.   We affirm.

## BACKGROUND

On December 8, 2011, Appellant pleaded guilty to the charged offense of indecency with a child pursuant to a plea agreement with the State.   The trial court adhered to the State's recommended sentence of eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice.   At the plea hearing, the trial court asked Appellant if he needed an interpreter and defense counsel, Tati Santiesteban, responded that Appellant did not.   Appellant verbally responded in English to the questions posed to him during the remainder of the hearing.   The trial court admonished Appellant regarding his rights to trial by jury, to assistance of counsel, to confront and cross-examine witnesses, and to remain silent.   Appellant

testified that he had read and understood the plea papers bearing his signature.

Santiesteban stated that he had explained the plea papers to Appellant and had no doubt that Appellant understood the admonishments, rights and consequences of entering his guilty plea. Appellant testified that he was satisfied with Santiesteban's representation, that he is a Mexican national, and that he understood he would be deported, could be denied U.S. citizenship in the future, or face other immigration-related consequences by pleading guilty. Appellant proceeded to enter his plea of guilty and testified that he did so freely and voluntarily. Appellant also testified that he understood the terms of the plea agreement that he would serve eight years' confinement and would be required to register as a sex offender. The trial court pronounced judgment in accordance with the terms of the plea agreement.

Less than a month later, on January 5, 2012, Appellant filed a motion to withdraw his guilty plea. On January 31, 2012, the trial court heard the motion at which Edward Hernandez represented Appellant. Appellant argued he did not enter his guilty plea voluntarily because he had relied on the erroneous advice of Santiesteban, who Appellant claims rendered ineffective assistance. Appellant's mother, Amelia Diaz, testified Santiesteban told her that Appellant had to plead guilty or he would be sentenced to twenty years' confinement. On cross-examination, Ms. Diaz admitted that Appellant's trial counsel did not lie to her and that Appellant pleaded guilty to the same terms his trial counsel told her Appellant would plead to. Ms. Diaz also testified that she was present at the plea hearing when Appellant responded to the trial court's questions in English, and stated that Appellant speaks a little English, and reads English.

Santiesteban testified that he told Appellant he did not have to plead guilty and had a right to proceed to trial. Santiesteban stated that Appellant had been facing a maximum

2

sentence of ten years' confinement, and explained that Appellant did not want to go to trial but wished to plead guilty in order to receive six years' confinement. The District Attorney's Office would not agree to a sentence of six years' confinement. The State offered Appellant a plea agreement of eight years' confinement, which Appellant ultimately accepted in order to avoid trial. Santiesteban denied ever telling either Appellant or Appellant's mother that Appellant would be sentenced to twenty years if he did not plead guilty. Santiesteban testified that Appellant never told him that he wanted to go to trial or that he was willing to plead *nolo contendre* in exchange for being deported immediately without confinement. Santiesteban explained that he had represented Appellant multiple times in the past, including three or four additional cases involving Appellant's pleas of guilty. Santiesteban stated that he and Appellant have communicated in both English and Spanish, although usually in English. On the day of the plea hearing, Santiesteban asked Appellant if he wanted an interpreter, and Appellant responded that he did not. Santiesteban also testified that he and Appellant reviewed all of the plea papers, which he explained to Appellant in Spanish prior to the plea hearing.

Appellant offered into evidence four letters he dictated in Spanish to a fellow inmate in the county jail, who translated and wrote them down in English. Appellant signed and mailed each letter to the trial court and the court clerk certified then filed each letter in the court's file of Appellant's case. The letters suggested Appellant disagreed with his trial counsel and did not enter his plea voluntarily because he wanted to plead guilty or no contest in order to be deported immediately without serving time in prison. The State objected that the letters constituted hearsay and lacked proper authentication. The trial court admitted the letters, noting that they went to the weight and not the truth of the matter, and observed that Appellant's statements in

3

the dictated letters are not necessarily true.

Appellant testified that he moved to the U.S. from Mexico when he was in the third grade and speaks and understands a little English. Appellant claimed he wanted an interpreter at the plea hearing but Santiesteban told him he did not need one and to answer the questions as Santiesteban instructed him. Appellant testified he pleaded guilty because Santiesteban told him he would be deported immediately if he did so, and would not have to serve the eight years' confinement, and informed Appellant that if he did not plead guilty, the judge would be mad at him and impose a twenty-year sentence. Appellant claimed Santiesteban gave him the answers to the trial court's questions at the plea hearing, and the trial court failed to notice his answers were directed. Appellant admitted he has pleaded guilty at least six times in the past, asserted that he had interpreters at each of the other pleas, and stated that his attorneys always handled the hearings.

The trial court took the issue under advisement. On February 23, 2012, the trial court found Appellant had knowingly and voluntarily entered his guilty plea and Santiesteban's representation of Appellant was not deficient, and entered an order denying Appellant's motion to withdraw his plea. Appellant raises three issues on appeal.

## DISCUSSION

### Voluntariness of the Plea

In two issues, Appellant challenges the voluntariness of his plea and argues the trial court abused its discretion when it denied his request to withdraw his plea on that basis.

### *Standard of Review*

A court shall not accept a plea of guilty unless the defendant enters the plea freely and

voluntarily. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West 2009). The record must affirmatively establish that a defendant entered his guilty plea knowingly and voluntarily. *Fuller v. State,* 253 S.W.3d 220, 229 (Tex.Crim.App. 2008). When a trial court properly admonishes a defendant before he enters a plea of guilty, the admonishments constitute a prima facie showing the plea was both knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998); *Fielding v. State*, 266 S.W.3d 627, 636 (Tex. App.—El Paso 2008, pet. ref'd). The burden then shifts to the defendant to show his plea was entered without an understanding of its consequences and, because of it, he has suffered harm. *Martinez*, 981 S.W.2d at 197. A defendant who attests during the plea hearing that his plea is voluntary bears a heavy burden to prove he entered the plea involuntarily at a subsequent hearing. *Fielding,* 266 S.W.3d at 636. In determining the voluntariness of a plea we consider the record as a whole. *Martinez,* 981 S.W.2d at 197.

Before the court has pronounced the judgment or taken the case under advisement, a defendant may change his plea from guilty to not guilty as a matter of right without assigning reason. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App. 1979); *DeVary v. State*, 615 S.W.2d 739, 740 (Tex.Crim.App. 1981). *See also Mendez v. State*, 138 S.W.3d 334, 345 (Tex.Crim.App. 2004). When a defendant wishes to withdraw his guilty plea after the trial court has pronounced judgment or taken the case under advisement, the withdrawal is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Hernandez v. State*, 885 S.W.2d 597, 602 (Tex. App.—El Paso 1994, no pet.).

The trial court has broad discretion when determining the credibility of the witnesses and weighing the evidence before it. *See Salazar v. State,* 38 S.W.3d 141, 148 (Tex.Crim.App.

5

2001).   An abuse of discretion occurs when a trial court acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles.   *Ramirez v. State,* 973 S.W.2d 388, 391 (Tex. App.—El Paso 1998, no pet.).   A trial court does not abuse its discretion when its decision falls within the zone of reasonable disagreement.   *Hernandez v. State,* 390 S.W.3d 310, 324 (Tex.Crim.App. 2012), *cert. denied,* 134 S.Ct. 823, 187 L.Ed.2d 685 (2013).

Interpreter

In Issue One, Appellant asserts the trial court erred in denying his request to withdraw his plea because he could not have entered the plea voluntarily without an interpreter present at the plea hearing.   We disagree.   The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to have the trial proceedings translated into a language he understands.   *Garcia v. State*, 149 S.W.3d 135, 140 (Tex.Crim.App. 2004).   This right may be waived.   *Id.* at 143.   The fact that a defendant is more fluent in another language does not necessitate a translator if the defendant demonstrates an ability to understand and speak English. *See Linton v. State,* 275 S.W.3d 493, 502 (Tex.Crim.App. 2009); *Flores v. State,* 299 S.W.3d 843, 855 n.3 (Tex. App.—El Paso 2009, pet. ref'd).   However, if a trial court is aware the defendant does not speak or understand English, an interpreter must be provided to translate the proceedings for the defendant.   *Baltierra v. State*, 586 S.W.2d 553, 559 (Tex.Crim.App. 1979); *Garcia*, 149 S.W.3d at 143.

In support of Issue One, Appellant asserts he demonstrated he was a Spanish speaker by his use of an interpreter at the hearing on his motion to withdraw.   Appellant complains that it was Santiesteban who answered the trial court and stated Appellant did not need a translator. Appellant notes that he sent letters to the court which were transcribed into English by someone

6

else after he dictated his statements in Spanish.

The State directs us to numerous facts in the plea record and evidence from the motion hearing indicating that Appellant demonstrated an ability to understand and speak English, understood the plea papers, and understood the proceedings at the plea hearing, arguing that Appellant's plea was voluntarily entered.

Although the evidence regarding Appellant's translation needs and the plea discussion between Appellant and Santiesteban are in conflict, it was within the trial court's role as fact finder to ascertain the credibility and weight of each witness's testimony. *See Salazar,* 38 S.W.3d at 148. An appellant bears a heavy burden to overcome the presumption that he entered his plea voluntarily and understood the plea hearing proceedings. *Fielding,* 266 S.W.3d at 636.

A trial court is not required to appoint an interpreter over a defendant's assertion he does not require one, unless the trial court knows the defendant does not speak or understand English. *Garcia*, 149 S.W.3d at 143; *Baltierra*, 586 S.W.2d at 559. Here, Appellant asserted through Santiesteban that he did not require an interpreter, then, proceeded to respond appropriately to the trial court's questions during the remainder of the hearing. Although Appellant may be more fluent in Spanish than English, the record indicates he demonstrated an ability to understand and speak English at the plea hearing which was corroborated by the testimony of Santiesteban and Appellant's mother at the motions hearing. *Linton,* 275 S.W.3d at 502.

We conclude the trial court did not abuse its discretion in determining that Appellant knowingly and voluntarily waived his rights to confrontation and cross-examination when he pleaded guilty. *See Jackson*, 590 S.W.2d at 515. Because the trial court did not err, Issue One is overruled.

Erroneous Advice of Trial Counsel

In Issue Two, Appellant claims the trial court erred in determining his plea was entered voluntarily when he pleaded guilty because his trial counsel told him to enter the plea. In support of this contention Appellant directs us to the pre-plea letter he sent the trial court in which he claims he would like to plead no contest and receive probation and be immediately deported and found the State's plea offer to serve jail time unacceptable. At the hearing on his motion to withdraw, Appellant testified he only pleaded guilty because Santiesteban told him to and he mistakenly believed he would be deported immediately without having to serve his confinement sentence. Appellant then cites two cases which contradict his position because both the defendants' pleas were deemed voluntary despite alleged erroneous advice of trial counsel. *See Ex parte Tomlinson,* 295 S.W.3d 412, 419 (Tex. App.—Corpus Christi 2009, no pet.) (allegation defendant was advised to lie about guilt in order to obtain plea bargain was insufficient to render the plea involuntary because defendant was aware of consequences of plea and failed to show he would have not pleaded guilty but for the erroneous advice); *see also Anderson v. State*, 746 N.W.2d 901, 908 (Minn. Ct. App. 2008) (erroneous advice to plead guilty does not prejudice a defendant whose desired outcome was to plead guilty). Appellant asserts the trial court erred in denying his motion to withdraw in spite of established case law to the contrary.

The State responds by noting that Appellant fails to elaborate and explain how Santiesteban told him to plead guilty or why that made his plea involuntary. At the plea hearing, Appellant was properly admonished, and he testified he was entering his guilty plea freely and voluntarily. At the hearing on the motion to withdraw, Santiesteban disputed

8

Appellant's assertion that he had provided any erroneous advice and testified that Appellant never expressed a desire to forego a guilty plea and proceed to trial.

The trial court's admonishment of Appellant at the plea hearing creates a prima facie showing that his plea was entered into voluntarily. *Martinez*, 981 S.W.2d at 197; *Fielding*, 266 S.W.3d at 636. Appellant's evidence in support of his assertion that his plea was involuntarily made based on erroneous advice of counsel does not meet the heavy burden he bears to show he did not understand the consequences of the plea. *Martinez*, 981 S.W.2d at 197; *Fielding,* 266 S.W.3d at 636. In fact, the case he cites to, *Ex parte Tomlinson,* supports our determination that Appellant understood the consequences of his plea, and even if his trial counsel told him to plead guilty, he was not prejudiced because he still wished to plead either guilty or no contest in order to avoid trial as referenced both in his letter to the court and during his testimony at the motion to withdraw plea hearing. *Ex parte Tomlinson,* 295 S.W.3d at 419. Because the trial court did not abuse its discretion by determining Appellant's plea was entered voluntarily and denying Appellant's request to withdraw his plea, Issue Two is overruled. *Jackson*, 590 S.W.2d at 515.

Ineffective Assistance of Counsel

In Issue Three, Appellant asserts he received ineffective assistance of counsel when his trial counsel failed to secure an interpreter at the plea hearing and as a result, his plea was not voluntary. We disagree.

*Standard of Review*

A guilty plea is involuntary if made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex.Crim.App. 2012) (habeas corpus applicant was entitled to relief when he received ineffective assistance of counsel in entering his guilty plea).

9

When claiming his plea is involuntary based on ineffective assistance of counsel, Appellant must establish that: (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Moussazadeh*, 361 S.W.3d at 691. The different result required in the context of an involuntary plea would be choosing not to plead guilty in order to proceed to trial. *Ex parte Moussazadeh*, 361 S.W.3d at 691.

The claimant bears the burden of establishing both prongs of the *Strickland* test by a preponderance of the evidence. *Ex parte Martinez,* 330 S.W.3d 891, 901 (Tex.Crim.App. 2011). Failure to meet the burden for either prong defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 697. Our review of the actions taken by counsel is highly deferential and carries a strong presumption that counsel's conduct was not deficient. *Strickland,* 466 U.S. at 689; *see Ex parte Moussazadeh,* 361 S.W.3d at 691. To prevail, a defendant must overcome the presumption that, under the circumstances, counsel's conduct fell within an objective standard of reasonable professional norms. *See Strickland,* 466 U.S. at 689; *Ex parte Moussazadeh,* 361 S.W.3d at 691.

*Analysis*

Appellant claims his trial counsel was deficient by failing to determine that Appellant could not read the plea papers in English or that he needed an interpreter at the plea hearing to fully comprehend the consequences of his guilty plea. He contends his use of an interpreter at the hearing on the motion to withdraw established that he was a Spanish speaker, and that Santiesteban, rather than Appellant, answered at the plea hearing that he did not need an

10

interpreter. Furthermore, Appellant again relies on the letters he sent to the trial court from jail which were written in English by another person after Appellant dictated the words in Spanish.

The State again notes that Santiesteban testified he communicated with Appellant multiple times during this and past representations in both English and Spanish, although usually in English and Appellant told Santiesteban he did not need an interpreter at the plea hearing and Appellant communicated in English with the trial court during the plea hearing, answering all of the questions directed to him appropriately.

Although conflicting testimony exists regarding Appellant's English language ability, Appellant has not established by a preponderance of the evidence that Santiesteban acted unreasonably by not requesting an interpreter at the plea hearing or not determining that Appellant could not read English. *See Ex parte Martinez,* 330 S.W.3d at 901; *see also Ex parte Moussazadeh,* 361 S.W.3d at 691. Appellant's failure to affirmatively establish trial counsel's deficient performance defeats his claim of ineffective assistance of counsel, and we need not address the reasonable probability of a different outcome. *Strickland*, 466 U.S. at 697; *Ex parte Moussazadeh*, 361 S.W.3d at 691. Issue Three is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

July 11, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

11