

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| RAUL PARRA, | § | No. 08-13-00328-CR |
| Appellant, | § | Appeal from |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20060D03360) |
| | § | |

## **O P I N I O N**

Raul Parra appeals the denial of his motion for post-conviction DNA testing pursuant to Article 64.03 of the Texas Code of Criminal Procedure. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

In 2008, a jury found Appellant guilty of aggravated sexual assault of a six-year-old child and assessed his punishment at life imprisonment. The evidence at trial showed that Appellant and his family resided in the same apartment complex as the victim, N.A., who lived with her grandmother. N.A.'s grandmother invited Appellant and his family to dinner on July 18, 2006. Later, Appellant, his son, and N.A. went to Appellant's apartment to watch a movie. Appellant took N.A. into a bedroom, pulled down her pants and underwear, and "put his [penis] is [N.A.'s] butt." Appellant's wife[1] came into the apartment and looked into the bedroom which was dark.

_____

[1] Appellant's wife was subpoenaed to testify but she did not appear at trial and could not be located. She provided a

She saw N.A. sitting on the bed and pulling at the seam of her shorts while Appellant was standing by the bed with his pants unzipped. Appellant denied doing anything to N.A., but he fled the apartment and N.A. ran back to her grandmother's apartment.

A sexual assault examination was performed on N.A. at a hospital and evidence was collected from N.A., including oral and anal swabs, fingernail scrapings, hairs pulled from N.A.'s head, and her underwear. The evidence was submitted to the DPS lab for DNA testing. The DNA analyst, Christine Ceniceros, first examined the evidence to determine if there was any blood or semen. Because Ceniceros did not find any blood or semen, she did not perform DNA testing. Ceniceros did not find any hairs in N.A.'s underwear and she was not asked to examine the submitted evidence for saliva, sweat, or epithelial cells.

In the direct appeal, Appellant raised issues related to the trial court's failure to follow the procedures of Article 36.27[2] and juror misconduct. We issued an opinion and judgment affirming the conviction and sentence on July 14, 2010 and our mandate issued on January 27, 2011. *Parra v. State*, No. 08-09-00059-CR, 2010 WL 2768527 (Tex.App.--El Paso, July 14, 2010, pet. ref'd)(not designated for publication). In 2011, Appellant filed an application for a writ of habeas corpus under Article 11.07.[3] The Court of Criminal Appeals denied relief on September 18, 2013. *Ex parte Parra*, 420 S.W.3d 821 (Tex.Crim.App. 2013). Shortly after he filed his writ application and while it was pending before the Court of Criminal Appeals,

written statement to police the day after the incident which the State attached to its written response to the DNA motion. This statement was properly before the trial court. *See Ex parte Gutierrez*, 337 S.W.3d 883, 892-94 (Tex.Crim.App. 2011).

[2] *See* TEX.CODE CRIM.PROC.ANN. art. 36.27 (West 2006).

[3] *See* TEX.CODE CRIM.PROC.ANN. art. 11.07 (West 2015).

Appellant filed a motion for post-conviction DNA testing of samples and clothing collected from the victim. The trial court denied the motion. On appeal, Appellant alleged that Chapter 64 is unconstitutional and violated his right to due process because it precluded his access to post-conviction DNA testing. *Parra v. State*, No. 08-11-00371-CR, 2013 WL 3488031 at *1 (Tex.App.--El Paso, July 10, 2013, no pet.)(not designated for publication). We concluded that Appellant waived his challenge to the constitutionality of the statute because he had not raised it in the trial court. *Id.*

Appellant subsequently filed a second motion for DNA testing expressly alleging that Chapter 64 is unconstitutional on its face and "as applied" to him because he is forced to rely on the determination of the State's expert that there is no biological material and the statute does not provide for the appointment of an expert to independently examine the physical evidence for DNA. The State first responded that the motion should be denied because Appellant had failed his initial burden of showing the existence of testable biological material given that Ceniceros's trial testimony established there was no "testable DNA material" on any of the items Appellant sought to have tested. Second, the State argued that Appellant had not shown identity as an issue in this case because the evidence established that the offense occurred in Appellant's bedroom and his wife caught him in the act of molesting N.A. Third, the State asserted that Appellant had not shown that the statute's requirement that he demonstrate the actual existence of evidence containing testable biological material offends any established principles of justice or is in any way fundamentally unfair. The trial court denied the motion without a hearing and the order did not specify the exact bases for the ruling.

## CONSTITUTIONALITY OF CHAPTER 64

In his sole issue on appeal, Appellant contends that Chapter 64 is unconstitutional as applied to him because it does not provide a procedure for an indigent defendant to have an independent expert appointed to determine whether DNA evidence exists. Appellant maintains that the statute operated to violate his right to due process.

### *Post-Conviction DNA Testing*

Under Chapter 64, a convicted person may file a motion in the convicting court for forensic DNA testing of evidence containing biological material. TEX.CODE CRIM.PROC.ANN. art. 64.01(a-1)(West Supp. 2014).[4] The motion must be accompanied by an affidavit sworn to by the convicted person, containing statements of fact in support of the motion. TEX.CODE CRIM.PROC.ANN. art. 64.01(a-1). As a threshold matter, the convicted person is required to show the evidence sought to be tested contains biological material. *Swearingen v. State*, 303 S.W.3d 728, 732 (Tex.Crim.App. 2010). Under Article 64.01(a), "biological material":

> (1) means an item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing; and
>
> (2) includes the contents of a sexual assault evidence collection kit.

TEX.CODE CRIM.PROC.ANN. art. 64.01(a)(West Supp. 2014). Article 64.01(b) provides that:

> (b) The motion may request forensic DNA testing only of evidence described by Subsection (a-1) that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but:

---

[4] The Legislature amended Articles 64.01(a-1) and 64.03 in 2015, but the changes in the law apply to a motion for forensic DNA testing filed on or after the effective date of the act, September 1, 2015. *See* 84th Leg., R.S., Ch. 70, §§ 1, 2, 3, and 4. Appellant's motion is governed by the law in effect on the date the motion was filed.

(1) was not previously subjected to DNA testing; or

(2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

TEX.CODE CRIM.PROC.ANN. art. 64.01(b).

The convicting court is required to order DNA testing only when the requirements of Article 64.03 are met: (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; (3) identity was or is an issue in the case, and (4) the convicted person establishes by a preponderance of the evidence[5] that he would not have been convicted if exculpatory results had been obtained through DNA testing. TEX.CODE CRIM.PROC.ANN. art. 64.03; *Bell v. State*, 90 S.W.3d 301, 306 (Tex.Crim.App. 2002).

*Standard of Review*

The constitutionality of a criminal statute is a question of law which we review *de novo*. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex.Crim.App. 2013); *Fielding v. State*, 266 S.W.3d 627, 632 (Tex.App.--El Paso 2008, pet. ref'd). When resolving such an issue, we begin with the presumption that the statute is valid and the Legislature has not acted unreasonably or arbitrarily in enacting it. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.Crim.App. 2002); *Fielding*, 266 S.W.3d at 632. The burden rests on the party challenging a statute to establish its

---

[5] A preponderance of the evidence is measured by whether there is a reasonable probability of a different outcome had the DNA test results been available at the time of trial. *Whitfield v. State*, 430 S.W.3d 405, 422 (Tex.Crim.App. 2014).

unconstitutionality. *Ex parte Lo*, 424 S.W.3d at 15; *Fielding*, 266 S.W.3d at 632. The statute must be upheld if a reasonable construction can be ascertained that will render the statute constitutional and carry out the legislative intent. *Shaffer v. State*, 184 S.W.3d 353, 363 (Tex.App.--Fort Worth 2006, pet. ref'd). An "as applied" challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.3 (Tex.Crim.App. 2006).

*Applicability of Ake v. Oklahoma to Chapter 64 Proceeding*

Appellant does not argue that the procedures prescribed by Chapter 64 prohibit the convicting court from appointing an expert to assist an indigent person seeking relief under Chapter 64. He argues instead that Chapter 64 is constitutionally invalid because it does not contain a provision requiring the court to appoint an expert to independently examine whether the items sought to be tested contain testable biological material. Appellant does not explain why the right to an expert must be provided for by statute. The case on which Appellant relies, *Ake v. Oklahoma*, establishes that an indigent defendant has a constitutional right to a court-appointed expert when he makes a preliminary showing that his sanity at the time of the offense is a significant factor at trial. *Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985)(holding that "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one."). *Ake* does not require that the procedural due process right it

recognizes be provided for by statute. To the contrary, it contemplates that the defendant will raise the issue by motion.

The Court of Criminal Appeals has extended *Ake* to require the appointment of experts in other fields in capital and non-capital cases when the defendant has made a proper showing. *See e.g., Rey v. State*, 897 S.W.2d 333, 337-38 (Tex.Crim.App. 1995); *De Freece v. State*, 848 S.W.2d 150 (Tex.Crim.App. 1993); *McBride v. State*, 838 S.W.2d 248 (Tex.Crim.App. 1992). In its application of *Ake*, the Court of Criminal Appeals has required a defendant to file a motion supported by affidavits or other evidence showing that the issue for which he seeks expert assistance is "likely to be a significant factor" at trial. *Rey*, 897 S.W.2d at 339. A defendant generally fails to make a sufficient showing under *Ake* where the motion is not supported by affidavits or other evidence, or the motion does not explain the defensive theory and why expert assistance would be helpful in establishing that theory. *Rey*, 897 S.W.2d at 341. Additionally, a motion is insufficient if it fails to show that there is a reason to question the State's expert and proof. *Ehrke v. State*, --- S.W.3d ---, 2015 WL 1823480 at *7 (Tex.Crim.App. April 22, 2015); *Rey*, 897 S.W.2d at 341.

*Ake's* holding is based on an indigent criminal defendant's right to due process at trial. A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man. *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 129 S.Ct. 2308, 2320, 174 L.Ed.2d 38 (2009). Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty interests. *Id.* Consequently, a state has more flexibility in deciding what procedures are needed in the context of post-conviction relief. *Id.* There is no

free-standing substantive due-process right to DNA testing, and the task of fashioning rules to "harness DNA's power to prove innocence without unnecessarily overthrowing the established system of criminal justice" belongs "primarily to the legislature." *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex.Crim.App. 2011), *quoting District Attorney's Office v. Osborne*, 557 U.S. at 62, 129 S.Ct. at 2316.

In *Osborne*, the Supreme Court recognized that Osborne had under Alaska law a liberty interest in demonstrating his innocence with new evidence under state law, and this state-created right can give rise to rights to procedures essential to the realization of the parent right. *Osborne*, 557 U.S. at 68, 129 S.Ct. at 2319. The Supreme Court noted, however, that because Osborne had been convicted after a fair trial, his right to procedural due process is not parallel to a trial right. *Id.*, 557 U.S. at 69, 129 S.Ct. at 2329. The court identified the question as being whether consideration of Osborne's claim within the framework of Alaska's procedures for post-conviction relief "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or "transgresses any recognized principle of fundamental fairness in operation." *Id.*, 557 U.S. at 69, 129 S.Ct. at 2320, *quoting Medina v. California*, 505 U.S. 437, 4436, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). The Supreme Court concluded that the procedures provided by Alaska are not inadequate in their application to those who seek access to DNA evidence. *Id.*, 557 U.S. at 69, 129 S.Ct. at 2320. In reaching this conclusion, the Court noted that Alaska provides for discovery in post-conviction proceedings and this procedure is made available to those seeking access to DNA evidence. *Id.*, 557 U.S. at 70, 129 S.Ct. at 2320.

Chapter 64 provides a convicted person with procedures for obtaining DNA testing. There is no statutory procedure for the appointment of an expert to assist the defendant, but the statute does not prohibit it.[6] The Court of Criminal Appeals has held that Article 64.01 does not allow for the appellant to conduct a test that is merely a predicate to a subsequent DNA test. *Holberg v. State*, 425 S.W.3d 282, 285 (Tex.Crim.App. 2014). It does not, for example, authorize the appellant to conduct a preliminary test to determine if the item would be susceptible to DNA testing. *Id.* This is precisely the relief Appellant seeks because he asked the trial court to appoint an expert for the purpose of examining the evidence for the presence of DNA.

Neither the U.S. Supreme Court nor the Court of Criminal Appeals has held that *Ake v. Oklahoma* should be extended to post-conviction DNA proceedings. Assuming for the sake of argument that *Ake* applies to a DNA proceeding under Chapter 64, we conclude that the trial court did not err by denying Appellant's request for appointment of an expert because Appellant failed to make the preliminary showing required by *Ake*. Appellant's motion does not show there is any reason to question the determination of the DNA analyst that there is no biological material on the items submitted to the DPS lab. *See Ehrke v. State*, --- S.W.3d ---, 2015 WL 1823480 at *7 (Tex.Crim.App. April 22, 2015); *Rey*, 897 S.W.2d at 341. Because Appellant was not entitled to the appointment of an expert under *Ake*, we conclude that Chapter 64 did not operate unconstitutionally as applied to Appellant. We overrule Appellant's sole issue and

---

[6] Chapter 64 places limitations on who may be ordered to conduct the DNA testing. If the convicting court finds in the affirmative on the issues listed in Article 64.01(a)(1) and the convicted person meets the requirements of subsection (a)(2), the court may order testing only by the Department of Public Safety, a laboratory operating under contract with the department, or upon request of the convicted person, another laboratory if it is accredited under Section 411.0205 of the Government Code. TEX.CODE CRIM.PROC.ANN. art. 64.03(c).

affirm the trial court's order denying Appellant's second motion for DNA testing.

June 23, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)